Filed 12/4/24  P. v. Peterson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MILFORD PETERSON,<br><br>Defendant and Appellant. | C100332<br><br>(Super. Ct. Nos. STK-CR-FE-2001-0007472, SF073601B, STK-CR-FE-1998-0007537, SF082435A) |

Defendant Milford Peterson[1] appeals from a postconviction order denying his petition for resentencing pursuant to Penal Code[2] section 1172.75.  Appointed counsel for defendant asked this court to review the record and determine whether there are any

---

[1]     Defendant's name appears as "Milford Jay Peterson" and "Milford Peterson" in the record.  We use the latter name in this opinion.

[2]     Undesignated statutory references are to the Penal Code.

1

arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of two separate cases that have since had their case numbers changed in the trial court.

The first case was originally numbered SF073601B but is now STK-CR-FE-1998-0007537 (stolen bicycle case). In that case in 1998, officers found defendant in possession of a stolen bicycle. Defendant pled guilty to felony petty theft with two priors and admitted two prior prison terms. The trial court suspended execution of sentence and granted defendant probation for five years. In 2000, the trial court revoked defendant's probation and sentenced him to three years on the petty theft charge and one year on each of the prior prison terms. The trial court suspended the criminal proceedings in favor of a commitment to the California Rehabilitation Center.

In 2019, defendant filed a petition under Proposition 47 and the trial court reduced defendant's petty theft conviction in the stolen bicycle case to a misdemeanor based on a stipulation of the parties that included, in part, the representation defendant had completed his sentence in that case. The trial court, however, did not issue any findings as to the attached prior prison term enhancements. (§ 667.5, subd. (b).) By the express language of the statute, however, prior prison term enhancements attach only to convictions for felony offenses. (*Ibid.*)

In 2022, the trial court set a hearing in the stolen bicycle case pursuant to section 1172.75 because the trial court records indicated the judgment in that case included enhancements pursuant to section 667.5, subdivision (b). At the hearing on that matter, the trial court formally struck the two prior prison enhancements as they could not attach to the misdemeanor conviction when it was reduced in 2019. Defendant did not appeal from that order.

The second case was originally numbered SF082435A and is now numbered STK-CR-FE-2001-0007472 (assault case). In the assault case, defendant walked into his girlfriend's home and saw her sitting next to the victim. Defendant accused his girlfriend of cheating on him, pulled out a gun, and shot the victim in the upper chest. Defendant threatened to shoot the victim again, but his girlfriend stood in front of the victim. Defendant fled the scene, and the victim was treated for his injuries.

A jury found defendant guilty of assault with a deadly weapon and being a felon in possession of a firearm. The jury found defendant used a firearm in commission of the offense and inflicted serious bodily injury. Defendant admitted a number of enhancements, including that he had two prior strikes, six one-year prior prison term enhancements, and four five-year prior conviction enhancements.

At a resentencing hearing on the assault case in October 2002, the trial court struck each of the one-year prior prison term enhancements. The trial court then sentenced defendant to a 41-year-to-life term to be served concurrently with his prior theft conviction as follows: 25 years to life in prison for the assault with a firearm conviction under the "Three Strikes" law, plus a consecutive three-year term for the firearm use enhancement, a consecutive three-year term for the great bodily injury enhancement, and two consecutive five-year terms for the prior prison term enhancements. On the felon in possession of a firearm count, the trial court further sentenced defendant to a second concurrent term of 25 years to life in prison.

In 2023, defendant filed a petition under section 1172.75 in both cases arguing he was entitled to resentencing because he had been sentenced to prior prison term enhancements in the stolen bicycle case.

At the hearing, the trial court denied the petition. It found that in the stolen bicycle case, defendant was not sentenced to any prior prison term enhancement terms as the trial court struck those enhancements in October of 2002. As far as the stolen bicycle case was concerned, defendant had already completed his sentence when the trial court

3

reduced the felony charge to a misdemeanor in 2019. Because the sentence in that case was completed, it was not subject to recall and resentencing under section 1172.75.

Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


/s/_____
ROBIE, Acting P. J.


We concur:


/s/_____
MAURO, J.


/s/_____
MESIWALA, J.


4